**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regulus Global Services Mexico SA de CV, et al., | No. CV-25-01045-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| SpektreWorks Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant SpektreWorks, Inc.'s Partial Motion to Dismiss (Doc. 23) Plaintiffs' Complaint (Doc. 1) for failure to state a claim. For the reasons discussed below, Defendant's motion is denied.[1]

## BACKGROUND[2]

Plaintiffs Regulus Global LLC—a Virginia limited liability company—and Regulus Global Services Mexico SA de CV—a foreign company headquartered in Mexico—operate together as "Regulus," "a defense and security contractor with a core business that involves supplying defense articles and weapons systems to the United States and its allies." (Doc. 1 at 2-3). Both entities are registered as foreign companies in Arizona. (*Id.*

---

[1] Because the Court finds that the pending motion can be resolved without oral argument, the parties' requests (Doc. 27 at 1; Doc. 28 at 1) are denied. LRCiv 7.2(f).
[2] This summary of the underlying facts accepts as true any non-conclusory factual allegations made by Plaintiffs in the Complaint, with all inferences construed in the light most favorable to Plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

at 3).  Defendant SpektreWorks—an Arizona corporation with its principal place of business in Arizona—"designs and manufactures" drones.  (*Id.* at 2-3).

In 2021, Regulus and Defendant jointly pursued a contract opportunity (the "Joint Bid") to provide custom drones to the Mexican Air Force, as managed by the Mexican Secretariat of National Defense ("SEDENA").  (*Id.* at 2-4).  Per the parties' agreement, Defendant would design the drone—informed by "specifications and parameters" as identified through Regulus's communications with SEDENA—while Regulus would provide "informational, logistical, and financial contributions," including funding Mexican officials' trips to the U.S. to "evaluate prototypes, conduct testing, and provide design feedback." (*Id.* at 2, 5-6).  The parties further agreed that if their Joint Bid were successful, "they would evenly split any revenue generated."  (*Id.* at 2-4).  Moreover, the parties intended that "their jointly-developed customized drone solution would provide the template for future Mexican government procurements of . . . these same drones." (*Id.* at 10).

Regulus performed its obligations under the agreement, expending "hundreds if not thousands of man hours[] and substantial corporate resources"—including gathering "market intelligence"  and performing "technical analysis"—over the course of a "multi-year effort" in preparation to submit the Joint Bid.  (*Id.* at 5, 7).  The Joint Bid presented "a customized solution, not publicly available to other potential competitors and drone manufacturers," with Regulus "as the exclusive representative authorized to offer [Defendant's] drone products within Mexico."  (*Id.* at 6-7).

By April 1, 2023, the Joint Bid was ready for submission to SEDENA.  (*Id.* at 8).  That week, Regulus reached out to SEDENA about its upcoming submission, but learned that Defendant's "customized drone offering" had already been submitted with another company, Aviatek—which had no prior involvement with the Joint Bid—taking Regulus's place (the "Aviatek Bid").  (*Id.* at 8-9).  The Aviatek Bid appropriated "a number of Regulus['s] trade secrets and proprietary information" from the preparation of the Joint Bid, and "was functionally identical."  (*Id.* at 9).  Indeed, the Aviatek Bid reflected

Regulus's substantial contributions to the Joint Bid, including its "information, market intelligence, customer relationships, technical analysis, and program support." (*Id.* at 9-10).

Further, because "Mexican procurement principles . . . disfavor or prohibit submission of the same product solution by multiple different corporate bidders," the Aviatek Bid's submission prevented Regulus from moving forward with the Joint Bid. (*Id.*). If Regulus had submitted the Joint Bid, both the Joint Bid and the Aviatek Bid may have been disqualified. (*Id.*). By the end of the month, Defendant, through the Aviatek Bid, had won the SEDENA Drone Contract. (*Id.*)

Regulus filed this lawsuit on March 28, 2025, alleging (I) Misappropriation of Trade Secrets, A.R.S. § 44-401 et seq.; (II) Breach of Contract; (III) Breach of the Implied Covenant of Good Faith and Fair Dealing; (IV) Unjust Enrichment; and (V) Tortious Interference with Prospective Business Relations. (*Id.* at 10-15). Only Count V (*id.* at 14-15) is at issue here. (Doc. 23 at 2). Among other things, Regulus alleges that "SEDENA would have awarded the drone contract to" the Joint Bid if Regulus had been able to submit it" and that the Aviatek Bid would not have won the contract without the benefit of Regulus's work. (Doc. 1 at 9-10). It further alleges that it is entitled to $2,500,000—its half of the $5,000,000 SEDENA contract—and half of any revenue generated by "future Mexican government procurements of" Defendant's drones. (*Id.*).

**DISCUSSION**

**I.    Legal Standard: Failure to State a Claim**

Under Rule 12(b)(6), a party may move to dismiss a claim for relief by asserting "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Indeed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In reviewing the complaint, the Court will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court will not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## II.    Application

Under Arizona law, to state a claim for tortious interference with a business expectancy, a plaintiff must plead (1) that a valid business expectancy exists; (2) that the defendant had knowledge of the expectancy; (3) that the defendant improperly and intentionally interfered with the expectancy by "inducing or causing a breach or termination"; and (4) that it was damaged by the disruption to its expectancy.  *Wolf Designs LLC v. Five 18 Designs LLC*, 635 F. Supp. 3d 787, 799 (D. Ariz. 2022); *Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bureau of Maricopa Cnty., Inc.*, 637 P.2d 733, 739-40, 130 Ariz. 523, 529-30 (1981).

As a threshold requirement, a plausible business expectancy must be pled with specificity.  The plaintiff must "identify a specific relationship with which the defendant interfered." *Thermolife Int'l, LLC v. Gaspari Nutrition, Inc.*, 871 F. Supp. 2d 905, 912 (D. Ariz. 2012) (citing *Dube v. Likins*, 167 P.3d 93, 101, 216 Ariz. 406, 414 (Ct. App. 2007)).  And the plaintiff must identify the specific "expectancy at issue."  *Wolf Designs*, 635 F. Supp. 3d at 799.  In other words, "there must be a colorable economic relationship between the plaintiff and a third party with the potential to develop into a full contractual relationship."  *Dube*, 167 P.3d at 101, 216 Ariz. at 414 (quoting another source).

Beyond this specificity, however, a plausible business expectancy must reflect the parties' "reasonable expectations."  *Two Brothers Distrib. Inc. v. Valero Mktg. & Supply*

- 4 -

*Co.*, 270 F. Supp. 3d 1112, 1130 (D. Ariz. 2017) (citing *Bar J Bar Cattle Co. v. Pace*, 763 P.2d 545, 548, 158 Ariz. 481, 763 (1988)).  A claim will not survive on a motion to dismiss if the plaintiff alleges only a "speculative hope of a business expectancy." *Thermolife*, 871 F. Supp. 2d at 912 (citing *Dube*, 167 P.3d at 101, 216 Ariz. at 414).  Thus, while it need not "be absolutely certain that contracts would have been made were it not for the interference," *Marmis v. Solot Co.*, 573 P.2d 899, 902, 117 Ariz. 499, 502 (Ct. App. 1977) (quoting 45 Am. Jur. 2d, *Interference* § 12 (1969)), the plaintiff must plausibly allege some "agreement which in all probability would have been completed if the defendant had not interfered." *Dube*, 167 P.3d at 101, 216 Ariz. at 414 (quoting another source).

Here, Regulus alleges that Defendant tortiously interfered with its valid business expectancy in the SEDENA Drone Contract and any future Mexican government procurements of Defendant's drones by submitting the Aviatek Bid thereby preventing Regulus from submitting the Joint Bid, for which the parties would have otherwise been awarded the SEDENA Drone Contract.  (Doc. 1 at 15).  In its motion, Defendant argues that Regulus fails to plausibly allege a valid business expectancy, such that its tortious interference claim fails at the first element.  (Doc. 23 at 4-6).

Contrary to Defendant's arguments, Regulus has plausibly alleged a valid business expectancy.  As an initial matter, Regulus has specifically identified both the party with which it had an existing business relationship—SEDENA—and the specific business expectancy—the SEDENA Drone Contract.[3]  The remaining issue, therefore, is whether Regulus's expectancy was reasonable.  (*See* Doc. 23 at 4-87; Doc. 27 at 6-13; Doc. 28 at 2-8).

The crux of Defendant's motion is that the SEDENA Drone Contract was awarded through a government procurement process with bids submitted in response to SEDENA's

---

[3] Defendant asks the Court to split Regulus's claim—to consider the SEDENA Drone Contract and any future Mexican government procurements of the drones separately. (Doc. 23 at 2-3).  But, as Regulus alleges, as the parties developed their custom solution in the Joint Bid, the parties agreed that it would be a "template" for future business with the Mexican government. (Doc. 1 at 10).  Whether the parties considered the SEDENA Drone Contract and any future procurements as distinct opportunities, or as one in the same, presents questions of fact that cannot be resolved on a motion to dismiss.

solicitation.  (Doc. 23 at 2, 4-6; Doc. 28 at 2-8).  Defendant makes three arguments in support of the motion, none of which prevent Regulus from stating a claim.

First, Defendant argues generally that the nature of government procurement processes precludes any claim that Regulus had an objectively reasonable business expectancy in the SEDENA Drone Contract.  (Doc. 23 at 2, 4-6; Doc. 28 at 2-8).  Defendant relies on several cases from other jurisdictions—including other federal circuits and states—despite the fact that they analyze processes distinct from SEDENA's and apply federal or state law that does not govern here.  *See, e.g.*, *L-3 Comm'ns Corp. v. Serco, Inc.*, 926 F.3d 85, 95 (4th Cir. 2019) (describing the U.S. Air Force "contracting and subcontracting process" in the context of a subcontractor's suit brought under Virginia law); *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. Kahn*, 618 F.2d 784, 786, 795 (D.C. Cir. 1979) (describing American federal procurement processes under the Federal Property and Administrative Services Act of 1949);  *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 388 P.3d 800, 809 (Cal. 2017) (applying California law to government procurement processes conducted by various counties in California, subject to municipal codes).  These cases have little, if any, relevance to whether Regulus had a reasonable expectancy in the SEDENA Drone Contract under SEDENA's government procurement process.[4]

Second, Defendant more specifically argues that the Complaint does not allege facts from which Regulus can support a plausible expectancy and relies only upon a conclusory statement that the SEDENA Drone Contract would have been awarded to the Joint Bid if the Aviatek Bid was not submitted.  (Doc. 23 at 6).  But this argument does not account for the factual allegations that, when taken as true, support this inference in Regulus's favor. *Manzarek*, 519 F.3d at 1031.  Though Defendant is correct that the outcome of SEDENA's

---

[4] Defendant asks the Court to take judicial notice of a publicly available website about the SEDENA procurement process.  (Doc. 28 at 6-8).  Judicial notice can provide a limited exception to the general rule that the Court may not consider evidence outside the pleadings without converting a Rule 12(b)(6) motion into a Rule 56 motion.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).  The Court will not apply the exception here because (1) the motion can be resolved on the pleadings, Fed. R. Civ. P. 12(b)(6), (d); (2) Defendant raises these alleged facts in the first instance in its Reply brief (*compare* Doc. 23, *with* Doc. 28 at 6-8); and (3) taking judicial notice at this stage would deny Regulus its "opportunity to respond to the propriety of taking judicial notice," *Ritchie*, 342 F.3d at 909.

decision was uncertain (Doc. 28 at 5), Regulus need not make a showing to the contrary, particularly at the motion to dismiss stage. *Marmis*, 573 P.3d 902, 117 Ariz. at 502; *Dube*, 167 P.3d at 101, 216 Ariz. at 414. Rather, Regulus has made the required showing that its expectancy was more than a "speculative hope." *Thermolife*, 871 F. Supp. at 912 (citing *Dube*, 167 P.3d at 101, 216 Ariz. at 414). An identical bid—presenting a custom solution that Regulus collaboratively developed with SEDENA over a period of more than a year to exactly fit its specifications—won the contract. (Doc. 1 at 2, 5-9).

Indeed, Regulus was consistently involved in a collaborative process of prototyping, testing, and collecting feedback from SEDENA for Defendant to implement with its drones, which crafted a custom solution for SEDENA's needs within its specifications and parameters. (*Id.* at 2, 5-7). Regulus then incorporated that unique custom solution into the Joint Bid—which contained information not available to the public or to any competitors, including Regulus's marketing intelligence and technical analyses. (*Id.* at 5-7). That unique custom solution then appeared in the Aviatek Bid, which was "functionally identical" to the Joint Bid. (*Id.* at 8-9). SEDENA then awarded the SEDENA Drone Contract to the Aviatek Bid, based on that same unique custom solution copied from the Joint Bid. (*Id.* at 9). Taken together, Plaintiff has plausibly pled that the Joint Bid would have been selected if Defendant had not interfered. *Dube*, 167 P.3d at 101, 216 Ariz. at 414.

Third, Defendant argues that Regulus's failure to submit the Joint Bid for consideration precludes any plausible, reasonable expectancy. (Doc. 23 at 6; Doc. 28 at 8). In support of this argument, Defendant cites a case from the District of Arizona applying Arizona law, in which a plaintiff failed to state its claims for tortious interference with its business expectancies with government entities because it "did not pursue contracts" and did not even "submit proposals" to those entities. *Am. Traffic Sols., Inc. v. Redflex Traffic Sys., Inc.*, No. CV-08-02051, 2010 WL 1640975, at *1-3, 7 (D. Ariz. Apr. 22, 2010). By "decid[ing] not to participate in competitive bidding," the plaintiff could "not show an expectancy." *Id.* at *7. While it is true that Regulus did not submit the Joint Bid to

SEDENA, Regulus did not "decide[]" to do so.  *Id.*  Regulus actively engaged in preparation of the Joint Bid in collaboration with Defendant and SEDENA, was prepared to submit the Joint Bid, and would have done so if not preempted by the Aviatek Bid. (Doc. 1 at 8-9).  Moreover, because SEDENA would have disqualified the Joint Bid upon its submission, any attempt to submit the Joint Bid would have been futile.  (*Id.* at 9).  Thus, unlike the plaintiff in *American Traffic Solutions*, whose choice not to participate in bidding rendered its expectation that it would win any contracts with those government entities unreasonable, 2010 WL 1640975, at *7, Regulus's expectancy is not rendered unreasonable by its inability to submit the Joint Bid.

In sum, Plaintiff has pled a plausible valid business expectancy.  Accordingly, Defendant's motion is denied.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 23) is **DENIED**.

Dated this 26th day of March, 2026.

G. Murray Snow
Senior United States District Judge